Coleman W. Watson, Esq.
coleman@watsonllp.com
WATSON LLP
189 S. Orange Avenue, Ste. 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688
*Attorneys for Plaintiff, Valentine Communications, LLC*

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALENTINE COMMUNICATIONS, LLC, <br><br> Plaintiff, <br><br> vs. <br><br> FAREPORTAL, INC., d/b/a CHEAPOAIR <br><br> Defendant. | Case No.: <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** <br><br> **INJUNCTIVE RELIEF DEMANDED** |

Plaintiff, VALENTINE COMMUNICATIONS, LLC, sues Defendant, FAREPORTAL, INC., d/b/a CHEAPOAIR, and alleges as follows:

1.      This is an action for infringement of United States Patent Nos. 8,567,672 and 8,590,785 under the Patent Act, 35 U.S.C. § 271, *et seq.*, based on Defendant's unauthorized commercial manufacture, use, importation, offer for sale, and sale of infringing products and services in the United States.

## PARTIES

2.      Plaintiff, VALENTINE COMMUNICATIONS, LLC, is a limited liability company organized under the laws of the State of Delaware and having a principal place of business located in Wesley Chapel, Florida.

1

3.      Defendant, FAREPORTAL, INC., is a domestic corporation organized under the laws of the State of New York, with its principal place of business located in New York, New York.

## SUBJECT MATTER JURISDICTION

4.      This court has original jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331 and 1338(a), because this action involves a federal question relating to patents.

## PERSONAL JURISDICTION

5.      The court has general *in personam* jurisdiction over Defendant because Defendant is found in this state.

## VENUE

6.      Venue is proper in this court, pursuant to 28 U.S.C. § 1400(b), because Defendant resides in this district, has committed acts of infringement in this district and has a regular and established place of business in this district.

## COUNT I

## (INFRINGEMENT OF UNITED STATES PATENT NO. 8,567,672)

7.      Plaintiff repeats and re-alleges paragraphs 2 through 6 by reference, as if fully set forth herein.

8.      On October 29, 2013, the United States Patent & Trademark Office ("USPTO") duly and legally issued the '672 Patent, entitled "Location Based Discounts." A true and authentic copy of the '672 Patent is attached hereto as **Exhibit "A,"** and incorporated herein by reference.

9.      Gregory J. Mesaros is listed as the inventor of the '672 Patent.

10.     Plaintiff is the owner by assignment of the '672 Patent with all rights in and to the '672 Patent.

11.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (i.e. the CheapOAir Mobile App. (the "Accused

2

Instrumentality")) that infringes at least claim 18 of the '672 Patent, literally infringing, and/or infringing the '672 Patent under the doctrine of equivalents.

12.     The Accused Instrumentality includes elements of claim 18 of the '672 Patent and includes, at least, a non-transitory computer-readable storage medium having embodied thereon instructions executable by a processor.  For example, the CheapOAir Mobile App. is run on a mobile phone which comprises a non-transitory computer readable storage medium, e.g., internal storage, and a processor, e.g., a mobile processor like the Qualcomm Snapdragon).

13.     The Accused Instrumentality also provides the instructions corresponding to a method of providing a discount to a user associated with a user device.  For example, Defendant provides a discount or reward, e.g. "2X points," to a user associated with the user device (e.g. mobile phone) where the instructions corresponding to the method are embedded in the CheapOair App.

14.     The  Accused  Instrumentality  also receives real-time location information of the user device. The Accused Instrumentality acquires this location information when the user has consented to having information associated with the user device collected by a third party.  For example, the Accused Instrumentality provides the user with an option to agree to the terms and condition as a user consent, e.g., a privacy policy.  The privacy policy notes that a server collects information, e.g. location, associated with the user device and shares it with third party vendors.

15.     The Accused Instrumentality also receives user-defined criteria sent by the user device, wherein the criteria include a quantity of a product or service.  For example, a server receives user defined criteria from the CheapOAir Mobile App. running on the user device.  The criteria can include a quantity of a product/service, for example, the number of rooms, number of guests and the rates.

16.     The Accused Instrumentality also receives at least one date range having a minimum value and a maximum value indicating a time period during which the product must be delivered to the user or the service must be performed.  For example, the user defined criteria also include a date range having a minimum and maximum value which indicates a time period during which the service is to be performed.

17.     The Accused Instrumentality also receives a discount offered by at least one seller.  For example, the app receives and then presents to the user a discount by at least one seller, e.g., a hotel.

18.     The discount received by the Accused Instrumentality includes pricing information associated with a product or service offered by the seller and a quantity of the product or service available for delivery or performance within a given date range from the at least one date range.  For example, the CheapOAir Mobile App. receives discount and reward offers from one or more sellers which includes pricing information and the quantity of product, e.g., number of rooms and quests, for a given date range.

19.     The Accused Instrumentality also matches the discount to the user based on the quantity of the product or service, the date range, wherein the date range matches one or more of the user-defined date ranges.  For example, the CheapOAir App matches the discount to the user by the criteria defined by the user, i.e. the quantity of product or service and the user defined date range.

20.     The matching of the Accused Instrumentality also includes a location specified by the user, wherein the location indicates where the product will be delivered or the service will be performed regardless of the current location of the user or the mobile device.  For example, the service will be performed at the location specified by the user of the CheapOAir Mobile App. regardless of the current location of the user.

21.     The Accused Instrumentality also accesses by way of the user device an account with past transactional information.  For example, the CheapOAir Mobile App. running on a mobile phone provides a facility for creating a user account, and such accounts store past transactional information, e.g., "My Bookings."

22.     The Accused Instrumentality also allows stored payment methods to be associated with the user.  For example, the user account also stores a payment method, e.g., credit card information.

23.     And finally, the discount presented by the Accused Instrumentality requires the user to redeem the discount within a present time period based on availability of the product or

4

service.  For example, the CheapOAir Mobile App. requires the user to redeem the reward point within a present time period and the discount is subject to the availability of rooms.

24.     As a result of the Defendant's infringement of the '672 Patent, Plaintiff has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this court.

25.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '672 Patent, Plaintiff will be irreparably harmed.

26.     Upon information and belief, Defendant has known of the existence of the '672 Patent, and its acts of infringement have been willful and in disregard for the '672 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

27.     Upon information and belief, the '672 Patent, at all times material, was and is in compliance with 35 U.S.C. § 287.

28.     Plaintiff retained the law firm of WATSON LLP to represent its interests in this action and is obligated to pay such firm reasonable attorneys' fees for its services.  Plaintiff may recover its attorneys' fees and costs from Defendant.

**WHEREFORE**, Plaintiff, VALENTINE COMMUNICATIONS, LLC, demands judgment against Defendant, FAREPORTAL, INC., and respectfully seeks the entry of an order (i) adjudging that Defendant has infringed the '672 Patent, in violation of 35 U.S.C. § 271; (ii) granting an injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '672 Patent; (iii) ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '672 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; (iv) ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284; (v) declaring this case exceptional and awarding Plaintiff its reasonable attorneys'

fees, pursuant to 35 U.S.C. § 285; and, (vi) awarding such other and further relief as this court deems just and proper.

## COUNT II

### (INFRINGEMENT OF UNITED STATES PATENT NO. 8,590,785)

29.     Plaintiff repeats and re-alleges paragraphs 2 through 6 by reference, as if fully set forth herein.

30.     On November 26, 2013, the USPTO duly and legally issued the '785 Patent, entitled "Discounts in a Mobile Device."  A true and authentic copy of the '785 Patent is attached hereto as **"Exhibit B,"** and incorporated herein by reference.

31.     Gregory J. Mesaros is listed as the inventor of the '785 Patent.

32.     Plaintiff is the owner by assignment of the '785 Patent with all rights in and to the '785 Patent.

33.     Defendant directly or through intermediaries, makes, uses, imports, sells, and/or offers for sale products and/or systems (i.e. the CheapOAir Mobile App. (the "Accused Instrumentality")) that infringe at least claim 1 of the '785 Patent, literally infringing, and/or infringing the '785 Patent under the doctrine of equivalents.

34.     The Accused Instrumentality includes elements of claim 1 of the '785 Patent and includes, at least, a mobile device with a non-transitory computer-readable storage medium having embodied thereon instructions executable by a processor.  For example, the CheapOAir Mobile App. is run on a mobile phone which comprises a non-transitory computer readable storage medium, e.g., internal storage, and a processor, e.g., a mobile processor like the Qualcomm Snapdragon.

35.     The Accused Instrumentality also prompts a user to accept terms and conditions on the mobile device as a requirement to activate a service with at least one service provider. For example, the CheapOAir Mobile App. prompts the user to accept terms and condition on the mobile phone to activate the CheapOAir Mobile App. booking services.

36.     The Accused Instrumentality's terms and condition provide notice to the user regarding how information collected by way of the mobile device will be used.  For example, the

CheapOAir Mobile App. includes the Privacy Policy (aka terms and conditions) and provides notice to the user about how the collected information will be used.  The Accused Instrumentality also informs how the information collected by way of the mobile device will be protected.

37.     The Accused Instrumentality also informs that collection of at least some of the information by way of the mobile device cannot be blocked by the user.  For example, the CheapOAir Mobile App. Privacy Policy provides notice to the user that collection of some information such as the phone's IP address, operating system version or device identifier is collected automatically, i.e., it cannot be blocked.

38.     The Accused Instrumentality also generates purchasing information that includes information about products and services purchased by way of a credit or debit card.  For example, the CheapOAir Mobile App. generates purchasing data associated with the user that includes information about products, e.g., hotel price details, purchased using a credit or debit card.

39.     The Accused Instrumentalities also include a location-based service module executable to generate location-based data, wherein the location-based data corresponds to activities associated with the user of the mobile device.  For example, the CheapOAir Mobile App. includes a location-based module that uses, for example cell tower, satellite or WiFi signals, executable to generate location-based data, wherein the location-based data corresponds to the activities associated with the user of the mobile device, e.g., its location.

40.     The mobile device also includes a wireless transmitter that transmits the location-based data to a third party.  For example, the CheapOAir Mobile App. running on an Android mobile phone includes a wireless transmitter to transmit the location-based information to a third party, e.g., a phone carrier.

41.     The Accused Instrumentality also automatically transmits at least a subset of the purchasing data.  For example, the mobile device running the CheapOAir Mobile App. automatically transmits at least a subset of the purchasing data, e.g., hotel information.

42.     And finally, the Accused Instrumentality receives an offer for the product of service in response to the transmission of the subset of purchasing data and in accordance with a search function that allows the user to input location and delivery time criteria associated with the product or service.  For example, the mobile device running the CheapOAir Mobile App. receives an offer, e.g., discounts and/or rewards, or the product or service, e.g. hotel booking, in response to the transmission of the subset of purchasing data, e.g. list if hotel rooms, which is done in accordance with a search function.  It allows the user to input location and delivery time criteria, e.g., check-in and check-out information, associated with the product or service.

43.     As a result of the Defendant's infringement of the '785 Patent, Plaintiff has suffered monetary damages in an amount not yet determined and will continue to suffer damages in the future unless Defendant's infringing activities are enjoined by this court.

44.     Unless a permanent injunction is issued enjoining Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on their behalf from infringing the '785 Patent, Plaintiff will be irreparably harmed.

45.     Upon information and belief, Defendant has known of the existence of the '785 Patent, and its acts of infringement have been willful and in disregard for the '785 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

46.     Upon information and belief, the '785 Patent, at all times material, was and is in compliance with 35 U.S.C. § 287.

47.     Plaintiff retained the law firm of WATSON LLP to represent its interests in this action and is obligated to pay such firm reasonable attorneys' fees for its services.  Plaintiff may recover its attorneys' fees and costs from Defendant.

**WHEREFORE**, Plaintiff, VALENTINE COMMUNICATIONS, LLC, demands judgment against Defendant, FAREPORTAL, INC., and respectfully seeks the entry of an order (i) adjudging that Defendant has infringed the '785 Patent, in violation of 35 U.S.C. § 271; (ii) granting an injunction enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of,

or inducing infringement of the '785 Patent; (iii) ordering Defendant to account and pay damages adequate to compensate Plaintiff for Defendant's infringement of the '785 Patent, with pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284; (iv) ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284; (v) declaring this case exceptional and awarding Plaintiff its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and, (vi) awarding such other and further relief as this court deems just and proper.

**DATED** on June 5, 2018

Respectfully submitted,

WATSON LLP


*/s/ Coleman Watson*
**Coleman W. Watson, Esq.**
Florida Bar. No. 0087288
California Bar No. 266015
Georgia Bar No. 317133
New York Bar Reg. No. 4850004
Email: coleman@watsonllp.com
        docketing@watsonllp.com

**WATSON LLP**
189 S. Orange Avenue, Ste. 810
Orlando, FL 32801
Telephone: 407.377.6634
Facsimile: 407.377.6688

*Attorneys for Plaintiff,*
*Valentine Communications, LLC*